UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOHN FERCHAK,

    Plaintiff,

-vs-                                  CASE NO.: 19-cv-12141
                                          HON: JUDITH E. LEVY

JEREMY DRIGGETT, in his individual capacity,

    Defendant.

| CHRISTOPHER TRAINOR & ASSOCIATES<br>CHRISTOPHER J. TRAINOR (P42449)<br>AMY J. DEROUIN (P70514)<br>JONATHAN A. ABENT (P78149)<br>Attorneys for Plaintiff<br>9750 Highland Road<br>White Lake, MI 48386<br>(248) 886-8650/ (248) 698-3321-fax<br>shanna.suver@cjtrainor.com<br>amy.derouin@cjtrainor.com<br>jon.abent@cjtrainor.com | PLUNKETT COONEY<br>AUDREY J. FORBUSH (P41744)<br>MICHAEL D. HANCHEETT (P80974)<br>Attorney for Defendants<br>111 E. Court Street, Ste. 1B<br>Flint, MI 48502<br>810-342-7014 / 810-232-3159-fax<br>aforbush@plunkettcooney.com<br>mhanchett@plunkettcooney.com<br><br>PLUNKETT COONEY<br>D'ANTAE D. GOODEN (P83045)<br>Co-Counsel for Defendants<br>38505 Woodward Avenue, Ste. 100<br>Bloomfield Hills, MI 48304<br>248-549-5714<br>dgooden@plunkettcooney.com |

**PLAINTIFF'S SUPPLEMENTAL REPLY TO DEFENDANT'S SUPPLEMENTAL RESPONSE TO PLAINTIFF'S MOTION IN LIMINE TO PRECLUDE CERTAIN EVIDENCE FROM TRIAL**

1

Defendant's instant *Supplemental Response* is entirely unpersuasive because the § 1983 plaintiffs in the cases cited by Defendant sought to exclude criminal convictions for actions that occurred prior to the use of excessive force, i.e., criminal activity of which the defendant-officers were aware at the time the force was used, and was, therefore, relevant to provide a "full account" of the reasonableness of those defendants' actions. That is not the case here—there is no allegation that Mr. Ferchak engaged in any criminal activity prior to Defendant arriving of Mr. Ferchak's front porch and punching Mr. Ferchak twice in the face. Mr. Ferchak was also not convicted of (nor charged with, nor even accused of) any crime other than resisting and obstructing. Indeed, Mr. Ferchak called the police himself prior to the subject incident.

Moreover, and contrary to Defendant's argument, the jury will be provided with a "full account" of why Defendant came to Mr. Ferchak's home if evidence concerning Mr. Ferchak's underlying criminal proceedings is properly excluded. Indeed, the parties' recently filed and agreed-upon *Joint Statement of Case*, provides in relevant part as follows: "On April 29, 2018, Plaintiff Ferchak called 911 for police assistance at his home. The City of Burton Police Department responded and Defendant Driggett was one of the responding officers." **(Joint Statement of Case attached as Exhibit A.)** No doubt witness testimony (including, but not limited to, that of Mr. Ferchak and Defendant) at trial will

further provide a "full account" of the facts and circumstances surrounding the subject incident. Thus, evidence of Mr. Ferchak's underlying criminal proceedings is completely unnecessary to give a "full account" of why Defendant was present at Mr. Ferchak's home.

Also contrary to Defendant's argument, the only possible reason to introduce evidence of Mr. Ferchak's underlying criminal proceedings is for the impermissible purpose of unduly prejudicing the jury against Mr. Ferchak, turning the instant trial into a mini-trial on Mr. Ferchak's underlying criminal proceedings (which have been resolved for over three years), and confusing the jury. Defendant clearly wishes to inform the jury that Mr. Ferchak was originally charged with three felony counts of resisting and obstructing a police officer (indeed, Defendant has proposed a jury instruction providing for this alleged "stipulated fact," to which Mr. Ferchak vehemently objects, as there is, and has never been, such a stipulated in the parties *Joint Final Pretrial Order* **(DE 58)** or otherwise), but entered into a *Killebrew* agreement providing that he was finally convicted of one misdemeanor count of attempted resisting and obstructing on December 16, 2019. **(DE 46-6.)** As noted at oral argument, Mr. Ferchak attempted to withdraw his plea at one point, and the state criminal court was even reluctant to accept the plea given Mr. Ferchak's steadfast refusal to admit any wrongdoing. The introduction of this evidence will require extensive testimony

3

from the multiple prosecutors, judges, and criminal defense attorneys involved in Mr. Ferchak's underlying criminal proceedings.

In addition, this evidence would confuse the jury as to the nature of Mr. Ferchak's actual underlying criminal conviction and require explanation of the nature of *Killebrew* agreements, as well as a crash-course in criminal procedure, e.g., the purpose of preliminary examinations, plea agreements, allocutions, probation status, etc. In short, the introduction of this evidence would turn a straightforward single-claim excessive-force trial into an extended, irrelevant, and completely unnecessary re-litigation of the underlying criminal proceedings against Mr. Ferchak. This would not serve to provide a "full account" of the facts and circumstances of the instant case, but rather simply confuse and prejudice the jury. FRE 403.

Unlike the cases cited by Defendant, this case is much more akin to *Rogers v. Harrell*, 2010 U.S. Dist. LEXIS 49187 (E.D. Mich. May 19, 2020) **(Exhibit B)**. In *Rogers*, the § 1983 plaintiff was convicted on charges of attempted home invasion, attempting to disarm a police officer, and resisting and obstructing a police officer, all arising out of the subject incident that formed the basis of the plaintiff's excessive-force claim. *Id*. at *4. In the § 1983 excessive-force case, the plaintiff sought to exclude evidence of those convictions. *Id*. This Court excluded the subject convictions, holding that, "[t]he danger that the jury will misuse those

convictions and simply assume that the Defendant police officer was justified in shooting Plaintiff, even if the shooting was not an accident, is too great. . . . **There is a substantial risk that the jury will assume that whatever the events, the convictions mean the shooting was accidental or justified**." *Id*. at *7 (emphasis added). That is exactly the case here—if Defendant is allowed to present evidence of Mr. Ferchak's underlying criminal proceedings, there is a substantial risk that the jury will determine that Defendant was justified using excessive force against Mr. Ferchak. The risk of prejudice is far too great, and the evidence should be excluded.

Despite obtaining this Court's leave to file the instant *Supplemental Response*, ostensibly to provide additional legal authority in support of its erroneous position, Defendant only meaningfully discusses a single case, that being the Sixth Circuit's unpublished and nonbinding opinion in *Greene v. Distelhorst*, 1997 U.S. App. LEXIS 15461 (6th Cir. June 23, 1997) **(Exhibit C)**. *Bell v. Johnson*, 308 F.3d 594, 611 (6th Cir. 2002) ("It is well-established law in this circuit that unpublished cases are not binding precedent.").

In *Greene*, the defendant-officer "observed [the plaintiff] loitering along a public street, engaging in what the officer believed was the aiding of a drug offense." *Id*. at *3. The defendant approached the plaintiff who, "[u]pon seeing the officer approach . . . fled the scene and hid on the porch of a vacant house." *Id*.

"Once discovered, [the plaintiff] was handcuffed and arrested. A quantity of marijuana was found on his person." *Id*.

The plaintiff filed motions *in limine* to "exclude any evidence relative to his convictions on the charges of drug abuse and resisting arrest that resulted from" the subject incident. *Id*. at *5. The plaintiff argued that such evidence was inadmissible pursuant to FRE 404(b) and/or FRE 609. Notably, Mr. Ferchak has not argued that the subject evidence is inadmissible under FRE 404(b) and/or FRE 609, rendering *Greene* of minimal value to the instant question. Rather, Mr. Ferchak argues that the subject evidence is both not relevant and unduly prejudicial. FRE 401; FRE 402; FRE 403.

In any event, the Sixth Circuit held that the district court did not abuse its discretion in denying the plaintiff's motions *in limine*. *Id*. at *10-11. Specifically, the Sixth Circuit held that, "the convictions stemming from that arrest were admissible to provide the jury with a full account of the events giving rise to [the plaintiff]'s present claims and to demonstrate [the plaintiff]'s **motive to run, hide, and resist arrest.**" *Id*. at *10-11 (emphasis added). In other words, the *Greene* Court held that evidence of the plaintiff's underlying convictions was relevant because it helped explain **why** the defendant had employed force—namely that the plaintiff had run and hid when the defendant had approached him because he was engaged in criminal activity—drug possession. There is no such circumstance

6

present here; Mr. Ferchak never ran nor hid from Defendant or any other police officer, and is not alleged to have engaged in any criminal activity prior to Defendant arriving at his home. Moreover, the *Greene* plaintiff was convicted of a drug charge, not just resisting arrest. Thus, being in possession of contraband gave the plaintiff additional reason to flee, hide, and resist arrest. That is not the case here—Mr. Ferchak was not suspected of, much less convicted of, possessing contraband.

Defendant's other purported authority, cited only tangentially in his instant *Supplemental Response*, is also easily distinguishable and does not support Defendant's argument. In *Webb v. Hiben*, 2015 U.S. Dist. LEXIS 12184 (E.D. Mich. Sept. 14, 2015) **(Exhibit D)**, the district court denied the plaintiff's motion *in limine* to exclude evidence of the plaintiff's *nolo contendere* pleas to two charges of home invasion. *Id*. at *12. The *Webb* Court relied on the *Greene* opinion's rationale that the plaintiff's convictions for home invasion should be admitted to "demonstrate [the plaintiff]'s motive to run, hide, and resist arrest[.]" As discussed above with regard to *Greene*, Mr. Ferchak engaged in no such running and/or hiding, nor is he alleged to have done so. Mr. Ferchak is also not alleged to have engaged in any criminal activity (e.g., home invasion) prior to Defendant arriving at this home.

Notably, Defendant overlooks the fact that, in *Webb*, "[c]ounsel for Plaintiff agreed [at oral argument] that the Court should admit evidence of [the plaintiff]'s . . . plea of nolo contendere as to the two home invasions and the fact that he was convicted and sentenced for those crimes." *Id*. In other words, the *Webb* plaintiff **conceded at oral argument that the challenged evidence should be admitted**. Such a concession not occurred in this case. Further, in *Webb*, the Court directed the parties "to meet and confer in order to agree upon any appropriate limiting instruction," indicating that the Court did not agree to carte blanche admission of any and all evidence of the plaintiff's underlying criminal proceedings, contrary to Defendant's apparent argument here.

Defendant next cites to *Edgerson v. Matatall*, 2014 U.S. Dist. LEXIS 4967 (E.D. Mich. Jan. 15, 2014) **(Exhibit E).** That case, like *Webb*, merely block-quoted *Greene* and found, like the *Webb* Court, that the plaintiff's underlying convictions for resisting arrest, fleeing and eluding, and driving without a license, were relevant to establishing the plaintiff's "motive to run, hide, and resist arrest[.]" *Id*. at *16. As discussed above with regard to *Greene* and *Webb*, Mr. Ferchak engaged in no such running and/or hiding, nor is he alleged to have done so. Mr. Ferchak is also not alleged to have engaged in any criminal activity (e.g., fleeing and eluding, or driving without a license) prior to Defendant arriving at this home.

8

Finally, Defendant cites to *Hammond v. City of Oakland*, 2022 U.S. Dist. LEXIS 149468 (E.D. Mich. Aug. 19, 2022) **(Exhibit F)**. In that case, citing *Greene*, the Court denied the plaintiff's motion *in limine* to exclude evidence of his underlying convictions for criminal sexual conduct and unlawful imprisonment arising from the subject incident. *Id.* at *9-10. Notably, the *Hammond* plaintiff did not attempt to exclude a resisting and obstructing conviction arising from the subject incident itself, rendering its analysis of no applicability to the instant case. Moreover, the *Hammond* Court ruled that the plaintiff's underlying convictions were relevant because to explain why the defendant-officers came to the plaintiff's home (because a female 911 caller reported that the plaintiff had just raped her and was in the home, the offense of which the plaintiff was later convicted). *Id.* at *9. The *Hammond* Court continued, "the fact that Plaintiff was later convicted of criminal sexual conduct helps provide the full story and puts his excessive force allegations against Defendant Cadotte in the proper context for the jury." *Id.*

That is not the case here—there is no allegation the Defendant arrived at Mr. Ferchak's home under the belief that Mr. Ferchak had committed a crime or was a danger to others. On the contrary, Mr. Ferchak is the one who called the police. In *Hammond*, the fact that the defendant believed (correctly, as evidenced by the plaintiff's subsequent convictions) that the plaintiff had just raped a woman who was still located within the plaintiff's home, which was relevant to analyzing the

9

reasonableness of the defendant's actions. That is not the case here, because Defendant did not believe that Mr. Ferchak was engaged in any criminal activity (e.g., criminal sexual conduct or unlawful imprisonment) prior to Defendant arriving at Mr. Ferchak's home.

**WHEREFORE**, Plaintiff respectfully requests this Honorable Court grant *Plaintiff's Motion in Limine to Preclude Certain Evidence From Trial*, and exclude from trial any and all references to the criminal charges brought against Plaintiff arising from the subject incident including, but not limited to, the plea agreement(s) entered into by Plaintiff arising out of the subject incident, which resulted in Plaintiff's guilty plea to one misdemeanor count of attempted resisting/obstructing a police officer, for the reasons set forth in Plaintiff's principal *Motion in Limine* **(DE 46)**, Plaintiff's *Reply* **(DE 54)**, and the instant *Supplemental Reply*.

Respectfully Submitted,
CHRISTOPHER TRAINOR & ASSOCIATES

**/s/ Jonathan A. Abent**
CHRISTOPHER J. TRAINOR (P42449)
AMY J. DEROUIN (P70514)
JONATHAN A. ABENT (P78149)
Attorneys for Plaintiff
9750 Highland Road

Dated: April 4, 2023         White Lake, MI 48386
*JAA*                        (248) 886-8650

10

## **CERTIFICATE OF SERVICE**

I hereby certify that on April 4, 2023, I electronically filed the foregoing papers with the Clerk of the Court using the ECF system which will send notification of such filing to the following: ***attorneys of record,*** and I hereby certify that I have mailed by United States Postal Service the paper to the following non-ECF participants: ***None.***

                                      Respectfully Submitted,
                                      CHRISTOPHER TRAINOR & ASSOCIATES

                                      **/s/ Jonathan A. Abent**
                                      CHRISTOPHER J. TRAINOR (P42449)
                                      AMY J. DEROUIN (P70514)
                                      JONATHAN A. ABENT (P78149)
                                      Attorneys for Plaintiff
                                      9750 Highland Road
Dated: April 4, 2023                White Lake, MI 48386
                                      (248) 886-8650